GROSBECK ET AL. v. FERGUSON ET AL.

1. **Lien:** PRIORITY OF MORTGAGE: ESTOPPEL. Where a mechanic's lien accrued upon property already covered by a mortgage, and in an action to foreclose the latter the lienholder was made a party, it was *held* that he would be bound by a decree therein rendered and estopped to assert the priority of the lien to any title acquired under the mortgage.

*Appeal from Floyd Circuit Court.*

WEDNESDAY, JUNE 14.

ACTION in chancery to enjoin the sale of a certain tract of land and a granary erected thereon, upon an execution issued

on a judgment to foreclose a mechanics' lien in favor of defendant, Brockett. A temporary injunction was allowed, which, upon the final hearing, was dissolved, and certain relief prayed for by Brockett in a cross bill was given by the decree. Plaintiffs appeal. The facts of the case appear in the opinion.

*Starr, Patterson & Harrison,* for appellants.

No appearance for appellees.

BECK, J.—The facts of the case, as disclosed by the pleadings and evidence, are as follows:

Plaintiff Eade was the holder of a mortgage upon the land in question, executed March 6, 1872. The defendant, Brockett, furnished lumber in June and August, 1872, to erect a granary upon the land. In November following he recovered judgment against the land owner (the party who executed the mortgage to Eade), in a proceeding to enforce his mechanics' lien. Eade was not made a party to this action. In January, 1874, Eade foreclosed his mortgage, making Brockett a party, and claiming that his mortgage lien was paramount to Brockett's mechanics' lien. The decree foreclosed the mortgage as to Brockett, and in effect declared his mechanics' lien to be inferior and subject to plaintiff's mortgage and the decree rendered thereon. There is no objection to this decree for want of jurisdiction. Brockett was duly served with notice.

In December, 1872, a special execution was issued upon Brockett's judgment, directing the sale of the land described and it was accordingly sold. From this sale the owner of the land, the grantee of the mortgagor, redeemed. In February, 1874, a general execution was issued upon Brockett's judgment for the amount remaining unsatisfied, and was levied upon the land and granary. Plaintiffs pray in their petition that the sale of the property upon this execution be enjoined, and that the land and granary be declared free from the lien of Brockett's judgment.

Brockett filed a cross-petition, showing, in addition to the

facts above recited, that subsequent to the allowance of the temporary injunction the land and granary had been sold upon the general execution subject to the mortgage of Eade. Brockett was the purchaser at this sale. He prays that it may be declared absolute and free from the mortgage lien, and that he be allowed to remove the granary.

Upon these facts and pleadings the court dissolved the temporary injunction and entered a decree providing that plaintiff Eade be permitted to remove the granary by paying the balance due on Brockett's judgment. If such redemption be not made, Brockett should have the right to remove the granary within a time mentioned.

The decree is erroneous and must be reversed. But one ground upon which we base our conclusion need be mentioned. The decree in the action of foreclosure to which Brockett was a party settled the rights of the parties, and, from what appears in the record, we have no doubt correctly settled them. Brockett is estopped by that decree to claim that his lien to any part of the property is superior to plaintiffs. He should have contested plaintiffs' claim in the action of fore-closure; failing to do so, he is bound by the decree therein rendered. Other questions arising in this case need not be passed upon. The decree of the court below is reversed. A decree will be entered in this court, granting plaintiff the relief he claims in his petition, or at his option the cause may be remanded to the Circuit Court for such a decree to be entered there.

REVERSED.